1   TERRY D. BULLER (SBN 70315)
    Professional Corporation
2   The Camron - Stanford House
    1418 Lakeside Drive
3   Oakland, CA 94612
    Telephone: 510/832-4295
4   Facsimile: 510/832-4364

5   Attorney for Plaintiff
    Cecilia Sanchez

6

7

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12                                              *EDL*

13   CECILIA SANCHEZ,                  Case No.: CV 13 3141

14          Plaintiff,                 COMPLAINT AND JURY DEMAND

15      vs.

16

17   CITY OF ALAMEDA, ALAMEDA POLICE

18   DEPARTMENT, OFFICER ALAN

19   KYBOYAMA, DOES 1-20 et al.,

20          Defendants.

21

22          Plaintiff, by and through her attorneys, LAW OFFICES OF TERRY D. BULLER, for her

23   Complaint against Defendants, states as follows:

24                              **JURISDICTION**

25      1.  This is a civil rights action arising from Defendants' unreasonable seizure of, use of

26      excessive force against, and malicious prosecution of Plaintiff, Cecilia Sanchez

27      (SANCHEZ), on or about July 15, 2012, in the City of Alameda, California. This action

28      is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth

COMPLAINT AND JURY DEMAND - 1

1    Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C.

2    §1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional

3    provisions.  The amount in controversy, excluding interest and costs, exceeds the

4    minimum jurisdictional limit of this Court.  Plaintiff further invokes the supplemental

5    jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising

6    under state law.

7                                **INTRADISTRICT ASSIGNMENT**

8    2.   A substantial part of the events and/or omissions complained of herein occurred in the

9         CITY OF ALAMEDA, California, and this action is properly assigned to the Oakland

10        Division of the United States District Court for the Northern District of California.

11                              **PARTIES AND PROCEDURE**

12   3.   Plaintiff, CECILIA SANCHEZ is a resident of the City of Oakland, STATE OF

13        CALIFORNIA.  Plaintiff is a fifty-seven year old female of Spanish ancestry and has a

14        Hispanic surname.  She alleges, on information and belief, that the discriminatory actions

15        initiated against her were motivated by gender, age, racial/ethnic bias with malice and

16        conscious disregard of her civil rights.

17   4.   Defendant CITY OF ALAMEDA  is a public entity established and maintained by the

18        laws and Constitution of the State of California, owns, operates, manages, directs and

19        controls the CITY OF ALAMEDA and employs and is responsible for other defendants

20        in this action.

21   5.   Defendant ALAMEDA POLICE DEPARTMENT is, and at all times herein mentioned

22        was, a municipal entity in the CITY OF ALAMEDA in the State of California, and is

23        wholly owned and operated by the Defendant, CITY OF ALAMEDA.

24   6.   Defendant, OFFICER ALAN KYBOYAMA (KYBOYAMA) at all material times was

25        employed as an Officer by Defendants ALAMEDA POLICE DEPARTMENT and was

26        acting within the course and scope of that employment.

27   7.   The true names and capacities of Defendants sued herein as DOES 1-20 (DOE

28        DEFEDANTS) are unknown to plaintiff, who therefore sues said defendants by such

fictitious names, and plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. At all material times, each DOE Defendant was an employee/agent of the CITY OF ALAMEDA and acted within the course and scope of that relationship.

8.  Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described and proximately caused injuries and damages to Plaintiff. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision and discipline of Defendants and other DOE Defendants.

9.  Plaintiff is informed and believes and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants. And in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants as alleged herein, except as may be hereinafter otherwise specially alleged.

10. At all material times, each Defendant was an integral participant in the events described herein and was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

11. At all material times, each Defendant acted under color of the laws, statutes, ordinances and regulations of the State of California.

12. The acts and omissions of Defendant, KYBOYAMA and DOES 1-20 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the CITY OF ALAMEDA and the ALAMEDA POLICE DEPARTMENT.

13. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## GENERAL ALLEGATIONS

14. Plaintiff realleges each and every paragraph of this complaint as if fully set forth here.

15. On or about July 15, 2012, at approximately 10:00 p.m., Plaintiff was called by her granddaughter to come to her assistance by giving her a ride home. The granddaughter had called for help because her father was being arrested for driving while intoxicated.

16. The plaintiff arrived at the scene on Grand Avenue and parked her vehicle some distance from where the arrest of her son-in-law was taking place. She proceeded toward her granddaughter to provide her assistance when she was stopped by Alameda Police Department officer Alan Kyboyama. Officer Alan Kyboyama accused plaintiff of being intoxicated and subjected plaintiff to field sobriety testing. Plaintiff indicated that she had not had anything to drink and further indicated that she could not complete the field sobriety test because she was disabled and needed the assistance of her cane. Plaintiff has several conditions which cause her to have an unusual appearing gait including distal myopathy, lumbar spinal stenosis with radiculopathy and degenerative changes in her knee joints. Officer Alan Kyboyama took and opened plaintiff's purse and prescription medication bottles. Plaintiff explained the need for these medications and offered to call the pharmacy to confirm their use since she works for Alameda County Social Services.

17. Officer Alan Kyboyama insisted that the plaintiff provide a breathalyzer sample. The plaintiff did this on two occasions. On both occasions the breathalyzer indicated a 0% alcohol level.

18. OFFICER ALAN KYBOYAMA eventually handcuffed Plaintiff and placed her under arrest for California Penal Code §23152. Defendants eventually booked Plaintiff into Wiley Manuel Jail where she remained for one night. Plaintiff suffered psychological injuries from Defendants conduct. Defendants falsely arrested her on the baseless charge of Penal Code §23152, Driving Under the Influence potentially subjecting Plaintiff to a year in a correctional facility.

19. Plaintiff had never been arrested before and was quite upset at being falsely charged with committing a crime and being under the influence of drugs. The officers publicly accused her of being "hopped up on Valium and alcohol". Plaintiff was upset and had difficulty

breathing. Officers took her to Alameda Hospital emergency room where she underwent examinations by a male nurse including intrusive personal examinations such as a urine test for pregnancy. This was despite the fact that the plaintiff is 59 years old and indicated she had had a hysterectomy 30 years previously.

20. Defendants arrested Plaintiff. Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right, lasted a substantial and excessive amount of time, and was conducted unreasonably.

21. Plaintiff was subsequently taken to jail at the Wiley Manual facility where she was held overnight. Plaintiff's distress continued while she was incarcerated and she vomited on at least two occasions. When she informed the Sheriff deputies about her nausea and sense of guilty feeling, she was told to "suck it up, she was just upset at being arrested."

22. Defendants wrongfully and without justification cited Plaintiff for violation of Penal Code §23152. At the time defendants intentionally accused plaintiff of violating Penal Code §23152 and defendants knew Plaintiff had violated no law and was disabled.

23. Defendants caused Plaintiff to be prosecuted, with malice and without probable cause, and for the purpose of denying Plaintiff due process and equal protection of the law under the Fourteenth Amendment and other rights protected by the Fourth Amendment.

24. Defendants wrongfully caused charges to be filed against Plaintiff and for Plaintiff to be arrested and the charges were based on false information and/or other bad faith conduct by Defendants. On information and belief, Defendants acted with malice in initiating and pursuing the criminal action, which was indicted by Defendants' fraud, corruption, perjury, fabricated evidence, and/or other wrongful conduct undertaken in bad faith. Defendants knowingly provided false information to the prosecutor and/or otherwise engaged in bad faith conduct that was actively instrumental in causing the initiation and continuation of legal proceedings against Plaintiff.

25. Defendants, as a result of this arrest, also forced plaintiff to retain legal counsel, required plaintiff to incur additional expenses, suffer inconvenience, embarrassment, humiliation

and caused Plaintiff to be deprived of her driving privileges for a period of time due to the additional action with the California DMV.

26. No reasonable person having the facts and information available to Defendants would have believed the criminal charges/citations, particularly for any felony, against Plaintiff were legally tenable.

27. Defendants either knew they were violating or were deliberately indifferent to the violation of Plaintiff's rights.

28. The charges against Plaintiff were ultimately resolved in Plaintiff's favor when, on information and belief, the Superior Court of the State of California for the County of Alameda released plaintiff from custody and did not follow through with the prosecution of Plaintiff.

29. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience-shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent and objectively unreasonable.

30. Plaintiff sustained substantial emotional injuries caused by Defendants' misconduct, including, but not limited to severe emotional distress, for which plaintiff received treatment and incurred medical bills.  As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a.  Severe emotional distress

   b.  Pain and suffering

   c.  Medical Expenses

   d.  Wrongful seizure and imprisonment

   e.  Violation of constitutional rights

   f.  All damages and penalties recoverable under 42 I.S.C. §§1983 and 1988, and as otherwise allowed under United States statutes, codes and common law.

31. Plaintiff timely and properly filed a tort claim pursuant to California Government Code §910 et seq., and this action is timely filed within all statutes of limitation.

## COUNT ONE

### -42 U.S.C. §1983

### DEFENDANT KYBOYAMA

32. Plaintiff realleges each and every paragraph of this complaint as if fully set forth here.

33. By the actions and omissions described above, Defendant KYBOYAMA and DOES 1-10 violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

   a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force in the court of arrest or detention as secured by the Fourth and Fourteenth Amendments; and

   c. The right to be free from malicious prosecution as secured by the Fourth and Fourteenth Amendments.

34. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts/omissions.

35. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at above in paragraph 30.

36. The conduct of Defendant KYBOYAMA and DOES 1-10 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. §1983 and California law.

37. Plaintiff is also entitled to reasonable costs and attorneys fees' under 42 U.S.C. §1988 and applicable California codes and laws.

## COUNT TWO

### -42 U.S.C. §1983-Supervisory and Municipal Liability

COMPLAINT AND JURY DEMAND - 7

1

2

## DEFENDANTS CITY OF ALAMEDA, ALAMEDA POLICE DEPARTMENT
## AND DOES 1-20

3   38. Plaintiff realleges each and every paragraph of this complaint as fully set forth here.

4   39. On information and belief, the unconstitutional actions and/or omissions of Defendant

5   KYBOYAMA and DOES 1-20 as well as other officers employed by or acting on behalf

6   of Defendants CITY OF ALAMEDA AND ALAMEDA POLICE DEPARTMENT, were

7   pursuant to the following customs, policies, practices and/or procedures of the CITY OF

8   ALAMEDA and the ALAMEDA POLICE DEPARTMENT, stated in the alternative,

9   which were directed, encouraged, allowed, and/or ratified by policymaking officers for

10  the CITY OF ALAMEDA and the ALAMEDA POLICE DEPARTMENT:

11      a.  To use or tolerate the use of excessive and/or unjustified force;

12      b.  To engage in or tolerate unreasonable seizures or uses of force;

13      c.  To fail to institute, require and enforce proper and adequate training, supervision,

14          policies, and procedures in handling emotionally disturbed and/or disabled

15          persons;

16      d.  To engage in or tolerate malicious prosecution as well as material

17          misrepresentation of evidence of crimes, particularly in connection with incidents

18          where officers used excessive force;

19      e.  To fail to institute, require, and enforce properly and adequate training,

20          supervision, policies, and procedures concerning subparagraphs (a) to (d), above;

21      f.  To cover up violations of constitutional rights by any or all of the following:

22          i.  By failing to properly investigate and/or evaluate complaints or incidents

23             of unlawful seizures, excessive force, handling of emotionally disturbed

24             and/or disabled persons, dishonesty, and other misconduct;

25          ii.  By ignoring and/or failing to properly and adequately investigate and

26             discipline unconstitutional or unlawful police activity;

27          iii.  By allowing, tolerating, and/or encouraging police officers to: fail to file

28             complete and accurate police reports; file false police reports; make false

statements; intimidate, bias, and/or "coach" witnesses to give false

information and/or to attempt to bolster officers 'stories, and/or obstruct or

interfere with investigations of unconstitutional or unlawful police conduct

by withholding and/or concealing material information;

g.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement

officers and police department personnel, whereby an officer or member of the

department does not provide adverse information against a fellow officer or

member of the department or hold another officer or member accountable for

official misconduct;

h.   To use or tolerate inadequate, deficient, and/or improper procedures for handling,

investigating, and/or reviewing complaints of officer misconduct, including

claims made under California Government Code §§910 et seq,

40. Defendants CITY OF ALAMEDA and ALAMEDA POLICE DEPARTMENT and

DOES 1-20 failed to properly hire, train, instruct, monitor, supervise, evaluate,

investigate, and discipline Defendant KYBOYAMA and other law enforcement

personnel, with deliberate indifference to Plaintiff's constitutional rights, which were

thereby violated as described above.

41. The unconstitutional actions and/or omissions of Defendant KYBOYAMA and DOES 1-

20, and other law enforcement personnel, as described above, were approved, tolerated,

and/or ratified by policymaking officers for the CITY OF ALAMEDA and THE

ALAMEDA POLICE DEPARTMENT.  Plaintiff is informed and believes and thereon

alleges that the details of this incident have been revealed to the authorized policymakers

within the CITY OF ALAMEDA and the ALAMEDA POLICE DEPARTMENT, and

that such policymakers have direct knowledge of the facts of this incident.

Notwithstanding this knowledge, the authorized policymakers within the CITY OF

ALAMEDA and the ALAMEDA POLICE DEPARTMENT have approved the conduct

of defendant KYBOYAMA and DOES 1-20, and other law enforcement personnel and

have made a deliberate choice to enforce the divisions of those defendant offices and the

basis for those decisions.  By doing so, the authorized policymakers within THE CITY OF ALAMEDA and the ALAMEDA POLICE DEPARTMENT have shown affirmative agreement with the individual defendant officers' actions and have ratified the individual defendant officers' unconstitutional acts.

42. The aforementioned customs, policies, practices and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification and tolerance of wrongful conduct by Defendants CITY OF ALAMEDA and the ALAMEDA POLICE DEPARTMENT and DOES 1-20 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth in the paragraphs above.

43. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

44. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF ALAMEDA and the ALAMEDA POLICE DEPARTMENT and DOES 1-20, Plaintiff sustained serious injuries as set forth above in the above paragraphs and is entitled to damages, penalties, costs and attorney fees as set forth above.

### COUNT THREE

### -VIOLATION OF CIVIL CODE §52.1-

### ALL DEFENDANTS

45.  Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

46. By their acts, omissions, customs, and policies, each Defendant acting in conspiracy, and by threats, intimidation, and/or coercion, as described above, violated Plaintiff's rights under California Civil Code §52.1 and the following clearly established rights under the United States and California Constitutions:

a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

c. The right to be free from malicious prosecution as secured by the Fourth and Fourteenth Amendments;

d. The right to enjoy and defend life and liberty, acquire, possess, and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

e. The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

f. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

g. The right to protection from bodily restrain, harm, or personal insult, as secured by Civil Code §43.

47. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's right under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above, and all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorney fees, treble damages, and civil penalties.

**COUNT FOUR**

**-VIOLATION OF CIVIL CODE §51.7-**

**<u>ALL DEFENDANTS</u>**

48. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

49. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence,

committed against her person or property because of her mental or developmental

disabilities or other protected characteristic.

50. As a direct and proximate result of Defendants' violation of California Civil Code §51.7,

plaintiff sustained injuries and damages, and is entitled to relief as set forth above, and all

damages allowed by California Civil Code §§52, 51.7, and California law, not limited to

attorney's fees, costs, treble damages, and civil penalties.

**COUNT FIVE**

**-NEGLIGENCE; PERSONAL INJURIES-**

**<u>ALL DEFENDANTS</u>**

51. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

52. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution

and enforcement of any right, law, or legal obligation.

53. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

54. These general duties of reasonable care and due care owed to Plaintiff by all Defendants

include but are not limited to the following specific obligation:

    a.   To refrain from using excessive and/or unreasonable force against Plaintiff;

    b.   To refrain from wrongfully arresting and/or detaining Plaintiff;

    c.   To refrain from maliciously prosecuting Plaintiff;

    d.   To use generally accepted police procedures and tactics that are reasonable and

        appropriate for Plaintiff's status as a disabled and/or emotionally disturbed

        person;

    e.   To refrain from abusing their authority granted them by law;

    f.   To refrain from violating Plaintiff's rights guaranteed by the United States and

        California Constitutions, as set forth above, and as otherwise protected by law.

55. Additionally, these general duties of reasonable care and due care owed to Plaintiff by

Defendants ALAMEDA POLICE DEPARTMENT and the CITY OF ALAMEDA and

DOES 1-20, include but are not limited to the following specific obligations:

a. To properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or ALAMEDA POLICE DEPARTMENT officers to ensure that those employees/agents/officer act at all times in the public interest and in conformance with law;

b. To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

c. To refrain from making, enforcing, and/or tolerating the wrongful customs set forth above.

56. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

57. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

## COUNT SIX

## -ASSULT AND BATTERY-

## ALL DEFENDANTS

58. Plaintiff realleges each and every paragraph in this complaint as fully set forth here.

59. The actions and omissions of Defendants as set forth above constitute assault and battery.

60. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

## COUNT SEVEN

## -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-

## ALL DEFENDANTS

61. Plaintiff realleges each and every paragraph in this complaint as fully set forth here.

62. In addition to Plaintiff's medical and physical distress, Plaintiff has suffered severe emotional distress proximately caused by the Defendants' extreme and outrageous conduct, as set forth above. Defendants engaged in the aforementioned conduct with a wanton and reckless disregard of the prospect of causing Plaintiff emotional distress and with knowledge that Plaintiff's severe emotional distress would increase as a result.

COMPLAINT AND JURY DEMAND - 13

63. As a direct and proximate result of Defendants' intentional infliction of emotion distress on the Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

## COUNT EIGHT

### -FALE ARREST AND IMPRISIONMENT-

### ALL DEFENDANTS

64.  Plaintiff realleges each and every paragraph in this complaint as fully set forth here.

65. At no time during the events described above, and at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiff, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime.

66. Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and compelled Plaintiff to remain and/or move against her will.  Defendants authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest.

67. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth above.

WHEREFORE, Plaintiff respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.   Compensatory and exemplary damages in an amount accordingly to proof and which is fair, just and reasonable;

    b.  Punitive damages under 42 U.S.C. §1983 and California law in an amount according to proof and which is fair, just and reasonable;

    c.  All other damages, treble damages, penalties, costs, interest, and attorney's fees as allowed by 442 U.S.C. §1983 and 1988; California Civil Code §§52 et seq., 52.1 and 51.7, California Code of Civil Procedure §1021.5 and as otherwise may be allowed by California and/or federal law;

COMPLAINT AND JURY DEMAND - 14

d.  Injunctive relief, including but not limited to:

    i.  An order prohibiting Defendants and their officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures, excessive and unreasonable force, and malicious prosecution;

    ii.  An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling developmentally disabled, mentally ill, and emotionally disturbed persons, including the seizure and use of force against such persons;

    iii.  An order prohibiting Defendants and their officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    iv.  An order requiring Defendants to train all ALAMEDA POLICE DEPARTMENT officers concerning generally accepted and proper tactics and procedures for handling disabled and emotionally disturbed persons and this Court's orders concerning the issues raised in injunctive relief requests (i) through (iii) above;

e.  Such other and further relief as supported by the evidence in this case and this Court and/or the jury may deem appropriate.

Plaintiff hereby requests a trial by jury on all issues triable of right by a jury.

DATED: July 8, 2013        SIGNED:               

                                                    TERRY D. BULLER
                                                    Attorney for Plaintiff